IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTIE FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-00792-KD-N |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

This action is before the undersigned on the plaintiff's motion to correct the record (doc. 13) by which plaintiff seeks to add two documents submitted to but returned by the Appeals Council. Upon consideration of the motion, which contains no legal citations, plaintiff's Social Security Brief (doc. 15), which does contain her legal arguments, the opposition brief (doc. 17) filed by the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), and all other pertinent portions of the record, it is **ORDERED** that the motion is hereby **GRANTED**.

Although the Commissioner argues otherwise, the undersigned believes that the plaintiff has met her burden to establish that, with respect to Dr. Goff's evaluation and report: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Vega v. Commissioner of Social Security, 265 F.3d 1214, 1218

(11th Cir. 2001). Dr. Goff indeed conducted his evaluation of the plaintiff in August 2009, approximately six weeks after the ALJ issued an unfavorable decision, and is therefore new. Additionally, inasmuch as Dr. Goff documented not only "alcohol related persistent dementia" but that plaintiff's condition at the time of his evaluation "represents a decline from previous levels of function," his report is also noncumulative. *See*, Doc. 13-1 at 6-7. The Commissioner intimates that the supplemental evidence proffered by the plaintiff does not relate to the period in question (i.e. the period "prior to the expiration of [her] insured status") simply because Dr. Goff "expressed no opinion as to when he believed plaintiff began to function at the level indicated in his report." Opposition Brief (Doc. 17) at 3, *citing* 20 C.F.R. § 404.101 (in order to qualify for disability benefits, a claimant must demonstrate disability prior to the expiration of their insured status). However, a review of the record reveals that plaintiff was described as having "Alcohol Dependence in Early full Remission" (Tr. 288 and 319) and as having only stopped drinking in 2006 (Tr. 286) while the evidence at issue establishes that plaintiff's "alcohol related persistent dementia" was causing her a decline in function. The Commissioner does not contend that there exists a widely accepted method of determining the precise point at which declining function from alcohol induced dementia can be determined that was not used by Dr. Goff. Consequently, it cannot at this juncture be said that Dr. Goff's evidence does not properly relate to the period at issue. The Commissioner also argues that, because Dr, Goff's opinion was issued after the Commissioner's decision, it would be considered "less persuasive" or given "less weight." Opposition Brief (Doc. 17) at 2,

2

*citing*, Macri v. Chater, 93 F3d 540, 544 (9th Cir. 1996), *citing,* Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989)("[the physician's] reports were issued after the Commissioner's decision, so they are less persuasive."), as well as Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir.1984)("The opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status [] is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam."). That well may be. It does not, however, preclude its consideration in the first instance or render it inadmissible as relevant, new and noncumulative evidence. Plaintiff is entitled to supplement the record with the evidence at issue under the principles set forth in Vega, *supra*.

**Done** this 16th day of April, 2010.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE